(33 Misc. Rep. 619.)

### LILIENTHAL et al. v. YUENGLING et al.

(Supreme Court, Trial Term, New York County. January, 1901.)

1. CORPORATIONS—REPORTS—STATEMENT OF ASSETS—SUFFICIENCY.

The annual report of a brewing corporation, stating that its assets at least did not exceed a certain amount, was too indefinite to comply with Laws 1892, c. 688, § 30, requiring stock corporations to make an annual report stating the amount of its assets, or an amount which its assets at least equal.

2. SAME—FAILURE TO MAKE—DIRECTORS—LIABILITY.

Under Laws 1892, c. 688, providing that, for failure of a stock corporation to make and file an annual report of its assets, the directors thereof shall be personally liable for its debts, the directors of a brewing corporation are personally liable for its debts, where the annual report as to assets was too indefinite to comply with the statute.

Action by Albert Lilienthal and others against David G. Yuengling and others. Judgment for plaintiffs.

Nathan, Leventritt & Perham, for plaintiffs.
A. I. Elkus, for defendants.

GILDERSLEEVE, J. This action was brought to hold the directors of the D. G. Yuengling Brewing Company liable, under the stock corporation law, for failure to file an annual report. The defendants claim that the company did comply with the requirements of the statute. The stock corporation law, as it was at the time when this cause of action arose, read as follows, viz.:

"Sec. 30. Annual Report. Every stock corporation, except moneyed and railroad corporations, shall annually, during the month of January, or, if doing business without the United States, before the 1st day of May, make a report as of the 1st day of January, which shall state: (1) The amount of its capital stock, and the proportion actually issued. (2) The amount of its debts, or an amount which they do not then exceed. (3) The amount of its assets, or an amount which its assets at least equal." Laws 1892, c. 688.

The statute provides, as a penalty for failure to make and file such a report, that "all the directors of the corporation shall jointly and severally be personally liable for all the debts of the corporation then existing, and for all contracted before such report shall be made," etc. On January 29, 1896, the company made and filed a report, which reads as follows, viz.:

"The amount of the capital stock of the said company is $1,000,000. The proportion of said capital stock actually issued and paid in is $1,000,000. The

68 N.Y.S.—57

898     68 NEW YORK SUPPLEMENT    (Sup. Ct.

and 102 New York State Reporter

assets of said corporation on the 1st of January, 1896, at least did not exceed in amount the sum of $1,400,000. The amount of the debts of the said corporation on said 1st day of January, 1896, did not exceed the sum of $1,706,-653.02."

The only item of the report which is here attacked is the one as to the assets of the company, which is claimed to be too uncertain and indefinite to answer the purpose and requirements of the stat-ute. I am of opinion that this claim is well founded. The purpose of the statute is to compel the corporation to inform the public, or those who may be interested in its affairs, of its financial standing and condition from year to year. The report in question leaves the public entirely in the dark as to the assets of the company, except that they do not exceed $1,400,000. The statute requires either the amount of the assets or a sum which they at least equal. Clearly, the report does not meet this requirement. The rule as to definite-ness and certainty in such reports is thus stated by Judge Allen in the case of Arms Co. v. Barlow, 63 N. Y. 66:

"The facts need not necessarily be stated with technical or grammatical precision and accuracy, but they must substantially appear, * * * and be so distinctly stated that, if untrue, perjury could be assigned or an action maintained by any one sustaining legal injury from the misstatement."

In the case at bar, the report as to the assets is so elastic that only in the event of their exceeding the sum of $1,400,000 would the directors become liable to the penalties above mentioned, while the sum which the assets "at least equal" is left entirely to conjecture. I feel constrained to adhere to the opinion that I expressed at the trial, and direct judgment for plaintiffs. In reaching this conclusion, I have not overlooked the well-accepted principle that penal statutes, such as the one under consideration, must be strictly construed in favor of the party sought to be charged and against the creditor. Nevertheless, as I have already pointed out, it would be entirely beyond the limits of reasonable construction to hold that the words "at least did not exceed" convey the same meaning as the words "at least equal." The report must be in harmony with the purpose of the statute, and, as I have above shown, the report in question does not meet this requirement.

Ordered accordingly.